UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00253-RJC

| | |
|---|---|
| BENJAMIN F. WILKES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (DEs 13, 16). Having fully considered the written arguments, administrative record, and applicable authority, the Court grants Plaintiff's Motion for Summary Judgment and remands this matter for further proceedings consistent with this Order.

## I.     BACKGROUND

Plaintiff Benjamin F. Wilkes ("Wilkes") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Wilkes filed his application for disability insurance benefits on October 17, 2017, with an alleged onset date of May 1, 2017. (Tr.[1] 15).

In denying Wilkes' social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 15–33). At step one, the ALJ found that Wilkes had not engaged in substantial gainful activity since the alleged onset date. (*Id.* at 17). At step two, the ALJ found that Wilkes had the following combination of severe impairments: coronary artery disease, status post stents,

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 11.

respiratory disease with ongoing tobacco abuse, obesity, and borderline intellectual functioning. (*Id.*). The ALJ also found that Wilkes had the following combination of non-severe impairments: sleep apnea, diabetes, hypertension, hypercholesterolemia, left foot perennial tendinitis, and anxiety disorder. (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 18–24). Before moving to step four, the ALJ found that Wilkes had the residual functional capacity ("RFC") to perform light work as explained below:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFC 404.1567(b) except the claimant can never climb ladders, ropes and scaffolds; he can occasionally climb ramps and stairs, and crawl; he can occasionally stoop to lift within the exertional level from the floor to the waist; he can frequently stoop to lift within the exertional level from waist height and above; he can frequently balance, kneel and crouch. The claimant can occasionally be exposed to extreme cold, pulmonary irritants (such as fumes, smoke, odors, dust, gases and poor ventilation) and hazards associated with unprotected dangerous machinery or unprotected heights. The claimant can concentrate, persist and maintain pace to understand, remember and carry out unskilled, routine tasks, in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving the application of commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. He can deal with problems involving several concrete variables in or from standardized situations. He can adapt to occasional work place changes.

(*Id.* at 25). At step four, the ALJ found that Wilkes could not perform any past relevant work, but found at step five that Wilkes could perform jobs that exist in significant numbers in the national economy. (*Id.* at 32–33).

After exhausting his administrative remedies, Wilkes brought the instant action for review of Defendant's decision denying his application for disability insurance benefits under Title II of the Social Security Act. (DE 1).

## II.      STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is

"substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III.     DISCUSSION OF CLAIM

Wilkes raises two challenges: (1) the ALJ misevaluated the medical opinion of Richard Wayne, PA-C, and (2) the ALJ gave insufficient reasons for failing to give a Medicaid disability finding controlling weight. In response, Defendant argues that the ALJ's determination that Mr. Wayne's opinion was unpersuasive is supported by substantial evidence and new regulations provide that ALJs are not required to give disability determinations from other agencies controlling weight. The Court grants remand based on Plaintiff's first challenge.

#### A.     Medical Opinion of Mr. Wayne

For claims filed after March 27, 2017, the regulations provide that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Thus, the treating physician rule is no longer applicable for claims filed after March 27, 2017. *Gleason v. Kijakazi*, No. 1:20-CV-00350-GCM, 2021 WL 5182102, at *2 (W.D.N.C. Nov. 8, 2021). Instead, when determining the persuasiveness of medical opinions and prior administrative medical findings the ALJ considers five factors: (1) supportability; (2) consistency; (3) relationship the medical source has with the claimant, including the (i) length, (ii) frequency, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. *Id.* § 404.1520(a), (c). The most important of these factors are supportability and consistency:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* §§ 404.1520(b)(2), (c)(1)-(2). The ALJ's decision should explain how he considered both of these factors. *Id.* § 404.1520(b)(2).

Here, Mr. Wayne, a physician assistant, had been treating Wilkes for fifteen years. The ALJ listed Mr. Wayne's notes and opinions, including his opinion that Wilkes "could not walk any city blocks" and that Wilkes "would need to take unscheduled breaks every hour for 30 minutes at a time." (Tr. 30). The ALJ then provided a single sentence explaining how persuasive he found Mr. Wayne's opinion: "This opinion is not persuasive, as the limitations are too extreme and not supported by the medical evidence (see Exhibit 18F)." (Tr. 30). Of note, the citation to Exhibit 18F is a general cite to forty-seven pages of medical notes from Mission Community Primary Care from January 2018 to August 2019. Some of these notes are from Mr. Wayne but notes from other providers are also included (Tr. 971–1017). The ALJ provided no further explanation regarding Mr. Wayne, what limitations were extreme, or what medical evidence did not support Mr. Wayne's opinion.

While this Court could scour the record to divine the ALJ's meaning, that would be improper. *Bramblett v. Colvin*, No. 2:14-CV-00011-RLV, 2016 WL 1249297, at *5 (W.D.N.C. Mar. 30, 2016) ("This Court is limited to reviewing the ALJ's decision based on the record before it (i.e., the reasons stated by the ALJ in his or her decision), and may not endorse *post hoc* justifications for the ALJ's determinations."). An ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). "[A]n ALJ's RFC 'assessment must include

a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Beasley v. Berryhill*, No. 1:17-CV-00294-RJC, 2019 WL 1330928, at *5 (W.D.N.C. Mar. 25, 2019) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). "Remand may be appropriate where 'inadequacies in the ALJ's analysis frustrate meaningful review.'" *Mabe v. Saul*, No. 1:19-CV-00246-RJC, 2020 WL 4505462, at *5 (W.D.N.C. Aug. 5, 2020) (quoting *Mascio*, 780 F.3d at 636). "The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Brooks v. Colvin*, 200 F. Supp. 3d 618, 621 (W.D.N.C. 2016).

The ALJ's failure to build a logical bridge from the evidence to his conclusion frustrates meaningful review (i.e., that Mr. Wayne's opinion is unpersuasive because the limitations are "too extreme" and lack support from "medical evidence" without any further explanation). As the Fourth Circuit found in *Monroe*, simply stating "the objective evidence" does or does not support an opinion, without further explanation, is insufficient to allow for meaningful review. *Monroe v. Colvin*, 826 F.3d 176, 190–91 (4th Cir. 2016). Similarly, in *Woods* the Fourth Circuit remanded where "the ALJ gave Dr. Burgess's opinion 'some weight' because 'it is rather vague and general in nature,' but did not discuss what aspects of that opinion he found overly vague." *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018).

Defendant argues that the Court should consider the entire opinion and that even if the "ALJ's analysis could be more descriptive" it does not frustrate meaningful review. *Hillman v. Kijakazi*, No. 1:20-CV-00237-MOC, 2021 WL 3824685, at *6 (W.D.N.C. Aug. 26, 2021). However, in the *Hillman* case that Defendant relies upon for this proposition, the ALJ explained

6

that he found the State Agency consultants "opinions 'moderately persuasive' because they were supported by records from Monarch, a mental health clinic, and consistent with Plaintiff's testimony." There, unlike here, the ALJ specifically mentioned what medical records supported the opinion and identified what testimonial evidence was consistent with the opinion. As this case is akin to *Monroe* and *Woods* where the ALJ failed to build a logical bridge from the evidence to his conclusion, this Court remands to the Commissioner for further proceedings consistent with this order.

**B.     Medicaid Disability Decision**

The Court does not find that Wilkes is disabled because of the Medicaid opinion as requested by Wilkes. As this Court explained in *Rogers v. Commissioner*, No. 3:20-CV-206-RJC-DSC, 2022 WL 135310, at *3–4 (W.D.N.C. Jan. 13, 2022), for applications filed after March 27, 2017, ALJs are not required to give persuasive, specific, and valid reasons for rejecting disability decisions from other agencies. In fact, ALJs are not required to "provide any analysis . . . about a decision made by any other governmental agency" and are only required to consider any evidence underlying the disability decision. *Id.* (citing 20 C.F.R. § 404.1504). Wilkes has not shown that the ALJ failed to consider evidence underlying the Medicaid opinion.

The Court thus grants remand based on the misevaluation of the medical opinion of Mr. Wayne as "the ALJ's opinion lacks the specific analysis that would allow for meaningful review." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action'

7

seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (DE 13), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (DE 16), is **DENIED**; and

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 22, 2022

Robert J. Conrad, Jr.
United States District Judge